**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1251

_____

IN RE: KENNETH J. TAGGART,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-01823)
District Judge: Honorable John M. Younge

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 17, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: February 29, 2024)

_____

---

## OPINION[*]

---

PER CURIAM

Kenneth J. Taggart appeals pro se from the District Court's affirmance of a Bankruptcy Court order dismissing his bankruptcy petition. For the following reasons, we will affirm the District Court's judgment.

I.

In September 2021, Taggart filed a pro se voluntary petition under Chapter 11 of the United States Bankruptcy Code. Taggart's primary assets were several properties. He had previously defaulted on his mortgages for those properties around 2009 and subsequently initiated numerous state and federal lawsuits seeking to prevent foreclosure by his creditors.

After initiating his bankruptcy case, Taggart did not file a plan of liquidation or reorganization to indicate how he sought to proceed. In April 2022, the City of Philadelphia moved to dismiss Taggart's case for cause. The City argued that cause existed for the dismissal under 11 U.S.C. § 1112(b)(1) because Taggart's reported monthly income was insufficient to pay his debts and there was no reasonable likelihood of rehabilitation, among other reasons. Another party sought a bar against Taggart preventing him from refiling a bankruptcy petition for two years, given his extensive litigation history.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

At a May 2022 hearing, Taggart conceded that rehabilitation of the estate was unlikely because of the litigation he was pursuing and intended to pursue for several more years, preventing the development of a plan. Rather than a typical dismissal, Taggart sought a "structured dismissal" in which various conditions that he requested would be attached to the dismissal. His requests included that a claim of one mortgage-holder be dismissed through a sale of his home, free of all liens, to one of the other occupants of the home. He also sought to secure various assets after dismissal of the case, including his car, sports tickets, and a timeshare.

At the conclusion of the hearing, the Bankruptcy Court dismissed Taggart's petition without imposing any conditions or a refiling bar. The Bankruptcy Court concluded that Taggart had not attempted to resolve his claims with his creditors and that his operating reports did not show sufficient income to pay his debts. Accordingly, it concluded that the case lacked a reasonable likelihood of rehabilitation, making dismissal warranted.[1] Taggart timely appealed to the District Court.

In December 2022, the District Court affirmed the Bankruptcy Court's decision. It concluded that dismissal without the conditions requested by Taggart was appropriate, given Taggart's inability to propose a plan that could be effectuated. It also concluded that the due process claims Taggart raised on appeal were meritless. Taggart timely appealed.

II.

---

[1] Taggart sought reconsideration, which was denied. However, Taggart did not appeal that order and thus it is not part of this appeal. See Fed. R. Bankr. P. 8002(b)(3).

We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We review the dismissal of a Chapter 11 petition for abuse of discretion. In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999). An abuse of discretion may be based on "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact" and thus "we review the findings of fact leading to the decision for clear error and exercise plenary review over the court's conclusions of law." Id.

### III.

We agree with the District Court's affirmance of the Bankruptcy Court's dismissal of Taggart's case. Taggart first argues that the Bankruptcy Court should not have dismissed his case without implementing the conditions in his proposed structured dismissal.

When presented with a request by a party in interest, a bankruptcy court must (after notice and hearing) either dismiss a Chapter 11 case or convert it to a case under Chapter 7, "whichever is in the best interests of creditors and the estate," for cause.[2] 11 U.S.C. § 1112(b)(1). The Bankruptcy Code includes examples of cause, including a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Id. § 1112(b)(4)(A). A debtor's "[i]nability to effectuate a plan" is also "a viable basis for dismissal." In re Am. Cap. Equip., LLC, 688 F.3d 145, 162 n.10 (3d Cir. 2012) (alteration in original) (citation omitted).

Taggart conceded at the dismissal hearing that he was unable to show a reasonable

---

[2] Alternately, the bankruptcy court can appoint a trustee or an examiner if that is in the best interests of the creditors and the estate. See 11 U.S.C. § 1112(b)(1).

likelihood of rehabilitation because of pending litigation regarding his properties, which he expected to last for several years. Taggart's filings and monthly expense reports also showed that he did not have sufficient income to pay his significant debts. Thus, the Bankruptcy Court's finding of cause for dismissal was amply supported by the record.[3] Taggart does not appear to challenge the dismissal decision itself in his appellate brief.

Rather, Taggart maintains that the Bankruptcy Court should have attached various proposed conditions that he requested to its dismissal. After dismissal, barring an order providing otherwise upon a finding of cause, a dismissal typically provides for "a restoration of the prepetition financial status quo." Czyzewski v. Jevic Holding Corp., 580 U.S. 451, 454-56 (2017); see also 11 U.S.C. § 349. Taggart does not cite any authority suggesting that he was entitled to a structured dismissal under the circumstances presented here, where no party had agreed to his proposed conditions. Cf. Jevic, 580 U.S. at 467 (explaining that the Bankruptcy Code does not authorize "nonconsensual departures from ordinary priority rules in the context of a dismissal").

Further, Taggart argues in his brief that "no party to the bankruptcy would be prejudiced or receive any less in [his proposal] as opposed to the dismissal" decision made by the Bankruptcy Court and that his proposal somehow would have been in the best

---

[3] We note that if cause is established, a debtor may still avoid conversion or dismissal by showing: (1) "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate"; (2) "a reasonable likelihood that a plan will be confirmed . . . within a reasonable period of time"; or (3) that "the grounds for converting or dismissing the case include an act or omission of the debtor . . . for which there exists a reasonable justification" which "will be cured within a reasonable period of time." 11 U.S.C. § 1112(b)(2)(A)-(B). None of these factors were applicable here, and Taggart does not appear to argue otherwise in his briefing.

interests of all parties. Appellant's Br. at ECF p. 11. Taggart has not established that this is the case, but even if he had, because he asserts that dismissal with his proposed conditions would have left the parties in the same state as a dismissal without those conditions, it is not clear how the Bankruptcy Court could have erred by choosing a non-conditional dismissal over his proposal. See generally 11 U.S.C. § 1112(b)(1) (directing the Bankruptcy Court to consider "the best interests of creditors and the estate"). Thus, there is no basis to conclude that the Bankruptcy Court committed any error in its determination that a non-conditional dismissal was most appropriate here.

Finally, Taggart maintains that his due process rights were violated when the Bankruptcy Court dismissed the case without holding a separate hearing regarding his structured dismissal request. However, Taggart had notice of the dismissal hearing in advance, filed arguments in support of his structured dismissal proposal before the hearing, and made arguments in support of his proposed conditions at the hearing. See 11 U.S.C. § 1112(b)(1) (authorizing dismissal "after notice and a hearing"). The Bankruptcy Court noted at the outset of the hearing that it had read the parties' filings and understood their arguments and then permitted them to make additional arguments regarding dismissal. Taggart specifically discussed the key conditions he wanted to attach to the dismissal, and another party also discussed a requested condition for the dismissal, a refiling bar against Taggart. The Bankruptcy Court ultimately decided not to apply any conditions to the dismissal after explicitly stating that it had considered the parties' filings and the arguments made at the hearing.

Taggart does not cite any relevant authority to support his assertion that his due process rights were violated during the dismissal hearing, and the Bankruptcy Court's dismissal left him free to pursue his arguments in other venues going forward. Cf. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."). Accordingly, Taggart has not established that his due process rights were violated by the Bankruptcy Court.

For these reasons, we will affirm the judgment of the District Court.